IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON

## STATE OF TENNESSEE v. ANTHONY DESHAUN ALLEN

**Direct Appeal from the Circuit Court for Tipton County**
**No. 4964, Joseph H. Walker, III, Trial Judge**

---

**No. W1999-01381-CCA-R3-CD - Decided May 2, 2000**

---

The appellant appeals the sentencing decision of the Tipton County Circuit Court following his jury conviction for aggravated robbery. At the sentencing hearing, the trial court applied the following enhancement factors: (1) prior criminal history; (10) his risk to human life; and (13) offenses committed while on parole; no applicable mitigating factors were found. In this direct appeal, the appellant argues misapplication of enhancement factors (1) and (13) upon grounds that his previous felony conviction which formed the basis for these enhancers was "overturned" on appeal. Additionally, he argues that application of factor (10) violates sentencing principles. Finding the appellant's allegations unsupported by the record, we affirm the judgment and sentence imposed by the trial court.

**Tenn.R.App.P. 3(b) Appeal as of Right; Judgment of the Circuit Court affirmed.**

HAYES, J. delivered the opinion of the court, in which WELLES and GLENN, J.J., joined.

Franklin Deslauriers, Covington, Tennessee, attorney for appellant, Anthony Deshaun Allen.

Paul G. Summers, Attorney General and Reporter, Michael Moore, Solicitor General, Tara B. Hinkle, Assistant Attorney General, Elizabeth Rice, District Attorney General, for the appellee, State of Tennessee.

### OPINION

On September 9, 1997, the appellant, Anthony Deshaun Allen, a.k.a. "Dee Dee," was found guilty, by a Tipton County jury of the offense of aggravated robbery, a class B felony and was sentenced to ten years in the Department of Correction. No direct appeal of his conviction or sentence was taken. On July 29, 1998, the appellant filed a petition for post-conviction relief alleging that appointed counsel was ineffective. During the pendency of the post-conviction proceeding, it was discovered by the State that the appellant was never informed of his right to a direct appeal of his conviction or sentence. Following a hearing, the post-conviction court granted the appellant a delayed appeal, finding no voluntary waiver of the appellant's right to direct appeal as required by Tenn. R. Crim. P. 37.

In this appeal as of right, the appellant contends that the trial court's imposition of a ten year sentence was excessive based upon the court's misapplication of three enhancement factors. After review, we affirm.

**Background**

Initially, we are compelled to note that any meaningful review of this appeal is frustrated by the lack of a complete record. First, there are no transcripts of relevant hearings conducted in this case including the sentencing hearing from which the appellant appeals. The only reference to any factual background in this case is found in the affidavit of complaint, which is contained in the technical record:

> On or about November 6, 1996, two (2) male blacks entered KSK Beauty Supply . . . Covington . . . . Approximately $501.00 in bills was taken at gunpoint from the cash register and the store owner's purse. Subjects left the area on foot running and two (2) fitting description given by the victim were seen running into apartment L-89 Broadmeadow's . . . . The clothing worn by subject(s) were recovered in the apartment along with the money and the gun. Anthony Deshaun Allen is being charged with Aggravated Robbery.

In imposing sentence in the present case, the trial court found that "the [appellant has a prior history of criminal convictions or criminal behavior in addition to those necessary to establish the appropriate range, this offense was committed while on probation or parole, and [the appellant] had no hesitation about committing an offense in which the risk to human life was high." State v. Anthony D. Allen, Appellate Record, v.1, p.37. The court found no applicable mitigating factors. The court then sentenced the appellant to ten years confinement in the Department of Correction.

**Analysis**

In contesting the length of the sentence imposed by the trial court, the appellant argues misapplication of enhancement factors (1), prior criminal history; (10), high risk to human life; and (13), offense committed while on parole. At the sentencing hearing held on October 8, 1997, the State relied upon enhancement factors (1) and (13), which arose from the appellant's 1994 conviction for aggravated robbery, from which a direct appeal had been taken. On August 19, 1997, the Court of Criminal Appeals filed its opinion regarding the appellant's challenge to the 1994 aggravated robbery conviction, vacating the conviction and remanding to the trial court for additional proceedings.[1] Accordingly, the appellant argues that, as his conviction was "overturned" on appeal,

---

[1]A panel of this court, in reviewing the appellant's 1994 conviction for aggravated robbery, held

> The conviction of Anthony Allen is vacated and his case is remanded to the trial court for a hearing to determine whether the identification of Allen by Chris Davis should be suppressed as the appellant requested before trial. If the trial court finds that the identification by Mr. Davis should be suppressed, the court shall order a new trial for Mr. Allen on this charge. However, if the trial court finds that the

any use of the prior conviction to enhance his sentence in the present case is necessarily error.[2] Moreover, he contends that the trial court improperly applied factor (10), that the offense was committed when there was a high risk to human life. In this regard, the appellant argues that this factor is an element of the underlying crime of aggravated robbery. From these issues, the court is confronted with two questions which are relevant to the determination of this appeal: (1) whether the proof developed at the sentencing hearing supports the appellant's allegations regarding factor (10); and (2) the Fayette County Circuit Court's disposition of this court's directive upon remand in the 1994 aggravated robbery conviction. As to the later, we are without knowledge as to whether the 1994 conviction was reinstated, remanded for a new trial, or indeed, if any action has been taken at the trial level. The record is void as to transcripts or proof of these pertinent proceeding.

Review, by this court, of the length, range, or manner of service of a sentence is *de novo* with a presumption that the determination made by the trial court is correct. Tenn. Code Ann. § 40-35-401(d) (1997). The appellant bears the burden of showing the impropriety of the sentence imposed. Sentencing Commission Comments, Tenn. Code Ann. § 40-35-401(d). If the appellate record is inadequate, the reviewing court must presume that the trial judge ruled correctly. See State v. Ivy, 868 S.W.2d 724, 728 (Tenn. Crim. App. 1993). The obligation of preparing a complete and adequate record for the issues presented on appeal rests upon the appealing party. See Tenn. R. App. P. 24(b). The failure to so prepare an adequate record results in a waiver of such issues and a presumption that the ruling of the trial court was correct. State v. Oody, 823 S.W.2d 554, 559 (Tenn. Crim. App. 1991).

For the reasons herein, the judgment of the trial court is affirmed.

---

identification should not be suppressed, the court shall make specific findings of fact and conclusions of law, and reinstate the judgment of conviction of Mr. Allen.

State v. Allen, 976 S.W.2d 661, 670 (Tenn. Crim. App. 1997).

[2]The technical record reflects, by the appellant's filing of a motion in limine, that the trial court was made aware of this court's August 19, 1997, opinion vacating the appellant's 1994 conviction for aggravated robbery prior to his September 9, 1997, trial in the instant case. Additionally, the record indicates that the trial court prohibited the State's introduction of the 1994 conviction for purposes of impeachment, but did, however, apply the 1994 conviction for enhancement purposes at sentencing.